**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             No. CV 13-0728 JB/ACT
                                                                               CR 11-2022 JB

CESAR BOJORQUEZ-VILLALOBOS,

    Defendant.

MEMORANDUM OPINION AND ORDER FOR ANSWER

This matter comes before the Court on Defendant's Memorandum Opinion and Order to Show Cause filed on October 15, 2013 (CV Doc. 7; CR Doc. 73) (hereinafter the "response"). By order entered on August 12, 2013, the Court directed Defendant to show cause why his Motion to Vacate, Set Aside, or Correct Sentence ("motion") should not be dismissed as untimely filed. Defendant then filed his response.

As noted in the show cause order, on June 5, 2012, the Court entered judgment (CR Doc. 57) on Defendant's conviction and sentence. Defendant did not appeal the judgment, and thus his conviction became final on or about June 19, 2012. *See United States v. Sandoval*, 371 F. App'x 945, 948 n. 2 (10th Cir. 2010). More than a year later, on August 7, 2013, Defendant filed this motion under 28 U.S.C. § 2255. The applicable one-year limitation period in § 2255 had thus expired when Defendant filed his motion. *Cf. United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000). In his response, he contends that (a) the limitations period accrued later than a year after his conviction became final and (b) the running of the time should be equitably tolled.

Defendant asserts that the applicable one-year limitations period did not accrue until several months after his conviction became final. In support of this position, he alleges that his attorney did not deliver his files to him until March or April of 2013. When he finally received his papers, he saw for the first time a laboratory report stating that investigators had found no fingerprints on the recovered firearm. He asserts that his attorney's failure to investigate the possession charge amounted to ineffective assistance and that, under § 2255(f)(4), the limitations period began to run on the day that he made this discovery.

Defendant's accrual argument is based on the provision in § 2255 that allows for accrual of the limitations period on "the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence." § 2255(f)(4). He acknowledges that his counsel had the fingerprint evidence report before he entered into the plea agreement. As the Court of Appeals for the Tenth Circuit stated in its analysis of similar factual allegations,

> [T]he district court correctly found that this evidence was available before trial, and in fact had been discovered by defense counsel. Thus [Defendant]'s claim is not based on "new" evidence, but rather on evidence that could have been presented at trial. Any failure by counsel to adduce this evidence is more properly characterized as a claim for ineffective assistance of counsel, and such a claim is barred by the applicable limitations period.

*United States v. Starr*, 275 F. App'x 788, 790 (10th Cir. 2008). Under the analysis in *Starr*, the limitations period applicable to Defendant's § 2255 motion accrued when his conviction became final and not when he found the fingerprint report.

Defendant also asserts that circumstances of his confinement tolled the running of the limitations period. He alleges that he was deprived of access to his legal papers when officials segregated an inmate who had been helping him. His factual allegations do not conclusively demonstrate either his diligence or the absence thereof in pursuing relief under § 2255, *cf. United*

*States v. Gabaldon*, 522 F.3d 1121, 1126-27 (10th Cir. 2008), and resolution of this issue appears to require an answer by the United States.

IT IS THEREFORE ORDERED that the Order to Show Cause (CV Doc. 3; CR Doc. 71) is QUASHED;

IT IS FURTHER ORDERED that the Clerk is directed to forward to the United States of America a copy of Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (CV Doc. 1; CR Doc. 68) and supporting papers and exhibits, if any, together with a copy of this Order;

IT IS FURTHER ORDERED that, within twenty-three (23) days of entry of this Order, the United States answer Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.

**IT IS SO ORDERED.**

_____
HONORABLE ALAN C. TORGERSON
United States Magistrate Judge